UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GREGORY KONRATH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:16 CV 536 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Gregory Konrath, a prisoner proceeding *pro se*, filed a complaint for money damages against the State of Indiana. (DE # 1). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Here, Konrath asserts that the State of Indiana violated his state and federal rights when it arrested and prosecuted him for a crime without probable cause. Based on this, Konrath seeks twenty million dollars from the State. However, Konrath's claim cannot be maintained against the State of Indiana, as it is entitled to Eleventh Amendment immunity from a money damages suit. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). This immunity extends to both Konrath's state and federal

claims. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 122-23 (1964). While Konrath may be able to pursue these claims in state court, it is frivolous for him to bring them against the State of Indiana here.

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.") Such is the case here. No amendment could overcome the State's immunity from being sued for money damages in federal court.

For these reasons, this case is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915A.

**SO ORDERED.**

Date: September 19, 2016

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT